<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

JANE ME, *et al.*,

        Plaintiffs,

v.

UNITED STATES, *et al.*,

        Defendants.

Case No. 2:21-cv-19396 (BRM) (ESK)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court is Plaintiffs Jon Roe, Jane Me, Jane Me1's ("Plaintiffs")[1] "order to show cause to amend, reopen time to file appeal, extension of time to file appeal and vacatur of orders/judgment per FRAP 4(a)(5) & (6) and FRCP 60(b) et seq, clarification et seq [sic]." (ECF No. 20.)[2] On May 23, 2022, Plaintiffs' filing was docketed as both a notice of appeal (ECF No. 20) and, separately, a motion for extension of time to file an appeal. (ECF entry dated May 23,

---

[1] The motion is signed by Eltha Jordan, Rudy Rosenberg, and Jacqueline Rosenberg. These plaintiffs have a history of filing improper motions and having their mail returned as undeliverable. *See, e.g.*, *Rosenberg v. State of New Jersey*, Case No. 2:20-cv-7117 (BRM)(ESK); *In re Rudolph Rosenberg*, Case No. 2:18-mc-0190 (KM); *Rosenberg v. State of New Jersey*, Case No. 2:18-cv-11014 (BRM)(ESK).

[2] Plaintiffs attach an exhibit containing a motion purported filed in the EDNY, which moves for the transfer order to be vacated. (ECF No. 20, Ex. A.) Plaintiffs request this motion be treated as one "originally filed before this Court." (*Id.* at 2.) While the Court does not accept this filing as proper, it will consider the arguments contained therein as they relate to the main document.

2022, referencing ECF No. 20.) On June 3, 2022, the Third Circuit docketed the appeal under case number 22-1981. (ECF No. 21.) That appeal remains pending.

Nevertheless, the Court will respond to Plaintiffs' letter, which requests miscellaneous forms of relief and was docketed as a motion. Having reviewed the docket and Plaintiffs' motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

This manner originates from a complaint filed by Plaintiffs on October 19, 2021, in the United States District Court of the Eastern District of New York ("EDNY") against multiple defendants. (ECF No. 1 at 1–5.) The original complaint alleges that several government agencies, employees, and other affiliated individuals engaged in a conspiracy to "inflict continuous violations and harm against Plaintiffs" and to "prosecute, jail and deport Plaintiffs." (*Id.*, at 5–6)

On October 19, 2021, before the EDNY, Plaintiffs filed a Motion to Seal Case (ECF No. 2), Jane Me filed a Motion for Leave to Proceed *in forma pauperis* (ECF No. 3), and Jane Me1 filed a Motion for Leave to Proceed *in forma pauperis* (ECF No. 4).

On October 27, 2021, the EDNY ordered the matter be transferred to the United States District Court for the District of New Jersey. (ECF No. 6.) Upon receipt of this case and review of the docket, the Court ordered Plaintiffs to file new individual *in forma pauperis* applications using the DNJ form provided. (ECF No. 7–8.) Corresponding notice was sent to Plaintiffs and returned to the Court as undeliverable. (ECF No. 9 and 10.) On November 22, 2021, Plaintiffs were ordered to provide the Court with updated and accurate mailing addresses pursuant to L.Civ.R. 10.1 by

December 6, 2021. (ECF No. 11.) Plaintiffs were advised that failure to do so would result in dismissal. (*Id.*)

Indeed, the notices mailed to Plaintiffs were returned as undeliverable, and Plaintiffs failed to complete new *in forma pauperis* forms or provide updated and accurate addresses. (ECF Nos. 12, 13.) Therefore, on December 7, 2021, the Court ordered that the matter be dismissed and marked closed. (*Id.*) Notices of the dismissal order were likewise returned as undeliverable. (ECF No. 14–19.)

Nearly six months after the dismissal, on May 23, 2022, Plaintiffs filed this "order to show cause to amend, reopen time to file an appeal, extension of time to file appeal and vacatur of orders/judgment per FRAP Rule 4(a) (5) & (6) and FRCP 60(b) et seq, clarification et seq." (ECF No. 20 at 1.) Plaintiffs request miscellaneous relief,[3] most of which challenge the transfer of the

---

[3] Specifically, Plaintiffs request, *inter alia*, an order: (1) "vacat[ing] this Court's exparte [sic] sua sponte order of December 12, 2021 dismissing the plaintiffs' action by no prior order being mailed to and received by each of the plaintiffs"; (2) "void[ing] Martinotti's Bar Order [sic] of November 5, 2021 and all other adverse orders inclusive of the dismissal"; (3) recusing Judge Martinotti; (4) "providing extension of time to file a notice of appeal"; (5) "directing the transfer of this action back to the EDNY court nunc pro tunc to adjudicate the plaintiff's IFP applications . . . [and] contesting the transfer for lack of subject matter jurisdiction"; (6) "directing that Exhibit A be treated a a [sic] motion originally filed before this Court"; (7) "providing details" about the EDNY transfer; (8) seeking "other requested relief herein on the basis that the [E]DNY Clerk's Office negligently and maliciously failed to effectively mail the respective orders to each of the plaintiffs, amongst other raised issues, relief sought and grounds raised herein"; (9) and "All other relief that this Court may grant." (*Id.*, at 2–3.)

action[4] and its subsequent dismissal, and ask for the Court to show cause why his requested relief should not be granted.[5]

On May 23, 2022, Plaintiffs' submission was docketed as a Notice of Appeal (ECF No. 20), as well as a motion for miscellaneous relief (docket entry dated May 23, 2022). On June 3, 2022, the Third Circuit Court of Appeals docketed the appeal under appellate case number 22-1981. (ECF No. 21.)[6]

## II. DECISION

Most of Plaintiffs' requests are procedurally improper and are therefore denied. To the extent Plaintiffs move for an extension of time to file an appeal under Federal Rule of Appellate Procedure 4 or to vacate this Court's order under Federal Rule of Civil Procedure 60, the Court will address each in turn.

### A. Federal Rule of Civil Procedure 4

Federal Rule of Appellate Procedure 4(a) sets forth the time within which a party has the right to file a motion for an extension of time to file an appeal. Appellate Rule 4(a)(1)(A) states, "[T]he notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Appellate Rule 4(a)(1)(B) provides for 60 days to file the notice

---

[4] Plaintiffs appear to believe the transfer required a response, arguing, "This motion does not represent a full response to the October 27, 2021 transfer order, but merely raises factual and legal grounds to establish that the plaintiffs' request to vacate the order is not frivolous." (ECF No. 20, Ex. A at 9.) Plaintiffs further state they "will fully respond [to the transfer order] upon vacatur of the October 27, 2021 order and [the EDNY] Court providing each of the plaintiffs proper Show Cause notice." (*Id.*) Because this district does not act as an appellate court to the EDNY, any arguments challenging the transfer are improper and denied.

[5] While it is improper for a party to order the court to "show cause," the Court has reviewed the relief requested.

[6] The Court has reviewed the appellate docket and notes the Third Circuit docketed a letter advising of possible lack of jurisdiction. That letter was, unsurprisingly, returned as undeliverable.

of appeal if one of the parties is the United States, a United States agency, "a United State officer or employee sued in an official capacity," or "a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf."

Appellate Rule 4(a)(5), on which Plaintiffs rely, governs motions for extension of time, stating:

> (A) The district court may extend the time to file a notice of appeal if:
>   (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>   (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> (B) . . . If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

*Id.*

The dismissal order was entered on December 7, 2021.[7] (ECF No. 13.) Construing the complaint liberally to the extent Plaintiffs named United States parties as defendants, Appellate Rule 4(a)(1)(B) provided Plaintiffs with 60 days, or until February 5, 2022, to file a notice of appeal. Plaintiffs failed to do so and now request an extension of time.

In order for the Court to grant Plaintiffs' motion to extend time, Plaintiffs were required to file the motion within 30 days of February 5, 2022, or by March 7, 2022, as well as show excusable

---

[7] Although Plaintiffs reference a December 12, 2021 dismissal order, the Court will assume, for purposes of this motion, that Plaintiffs are referring to the December 7, 2021 dismissal order.

neglect or good cause. Fed. R. App. P. 4(a)(5). Plaintiffs did not file the motion until May 23, 2022.[8] Therefore, the Court is without power to extend Plaintiffs' time to appeal under Appellate Rule 4(a)(5), and the motion is **DENIED**.

Alternatively, Plaintiffs ask the Court to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), which sets forth the circumstances in which "the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered." To do so, the appellate rules require the following conditions to be satisfied:

> (A) the court finds the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is entered earlier; and
> (C) the court finds that no party would be prejudiced.

*Id.* Because notice of the Court's order was returned as undeliverable, regardless of the reason,[9] the Court must find Plaintiffs did not receive notice. The motion was timely filed within 180 days,[10] and defendants will not be prejudiced, as they have yet to file notices of appearance. Accordingly, Plaintiffs' motion to reopen the time within which to appeal under Appellate Rule

---

[8] While this is dispositive, in light of Plaintiffs' repeated failure to provide the Court with a current updated address, the Court rejects Plaintiffs' argument that it did not receive the mailed notices of the Court's orders.

[9] *See, supra* n.1, regarding Plaintiffs' filing habits.

[10] Despite responding to the order, Plaintiffs argue they never received notice of the filings, and therefore the shorter, 7-day rule does not apply. Giving Plaintiffs leniency, the Court applies the 180-day deadline.

4(a)(6) is **GRANTED**. In accordance with the rules, the time to file an appeal is reopened for a period of 14 days from the date of this order. Fed. R. App. P. 4(a)(6).

### B. Federal Rule of Civil Procedure 60(b)

Plaintiffs argue they should be relieved from an unspecified order pursuant to Federal Rule of Civil Procedure 60(b).[11] Plaintiffs fail to state to which order their motion pertains, and therefore the motion is **DENIED**.[12]

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to reopen the time within which to appeal is **GRANTED** and the time to file an appeal is reopened for a period of 14 days from the date of this order. All other relief is **DENIED**.

Date: August 18, 2022

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[11] Rule 60(b) sets forth the circumstances in which a party may be relieved from a final judgment, order, or proceeding, stating:
> On motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

[12] Even assuming, *arguendo*, Plaintiffs' motion relates to the December 7, 2021 dismissal order, the Court finds no reason, nor do Plaintiffs argue any reasons, to vacate the order.